IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES J.,[1] | : | Case No. 3:20-cv-00422 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.     INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in August 2016, and he subsequently filed an application for Supplemental Security Income in September 2016. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), Plaintiff's Reply (Doc. 15), and the administrative record (Doc. 9).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since March 1, 2009. At that time, he was twenty-eight years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[2] Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 9-2, PageID 44-61), Plaintiff's Statement of Errors (Doc. 11), the Commissioner's Memorandum in Opposition (Doc. 14), and Plaintiff's Reply (Doc. 15). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not

---

[2] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence

3

supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV. FACTS

### A. The ALJ's Findings of Fact

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since March 1, 2009, the alleged onset date. |
| Step 2: | | For the purposes of his Disability Insurance Benefits application, Plaintiff did not have any severe impairments from the alleged onset date of March 1, 2009, through the date last insured of December 31, 2010. |
| | | Since the Supplemental Security Income application filing date of August 9, 2016, Plaintiff has had the severe impairments of chronic pain syndrome, adjustment disorder, anxiety disorder, cannabis use disorder, and bipolar disorder. |
| Step 3: | | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |

| | |
|---|---|
| Step 4: | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 CFR § 404.1567(b), subject to the following limitations: "He should not be required to climb ladders, ropes, or scaffolds. He can occasionally crouch and crawl. He can frequently climb ramps and stairs. He can understand, remember, and carry out simple instructions in a routine work setting. He should engage in no production rate pace or work in an environment with strict production quotas. He is able to engage in occasional interaction with coworkers and supervisors, but in an environment with no over-the-shoulder supervision. He should not engage in tandem or team work. He should not be required to engage in interaction with general public, but public contact is okay. He should have few, if any, changes in work processes or routines. He can be expected to be off task ten percent (10%) of the workday." |
| | He is able to perform past relevant work as a kitchen helper. |
| Step 5: | In the alternative, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform. |

(Doc. 9-2, PageID 46-60.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 60.)

**B.    Dr. Jewel Stevens, M.D.**

Family physician Dr. Stevens completed a Mental Impairment Questionnaire in December 2018. (Doc. 9-7, PageID 526-28.) Dr. Stevens noted that she had been seeing Plaintiff for twelve years. (*Id.* at PageID 526.) She indicated diagnoses of bipolar disorder and depression, accompanied by the following signs and symptoms: oddities of thought, perception, speech, and behavior; social withdrawal or isolation; emotional lability, illogical thinking or loosening of associations; and manic syndrome. (*Id.*) Dr. Stevens indicated mild to moderate impairment in the sub-areas of understanding, remembering, or applying information. (*Id.* at PageID 257.) However, Dr. Stevens opined that Plaintiff

5

experienced marked impairment in several other areas, including Plaintiff's overall ability to learn, recall, or use information to perform work activities; to focus attention on work activities and stay on task at a sustained rate; and to respond to demands and adapt to changes. (*Id.* at PageID 527-28.) Dr. Stevens opined that Plaintiff experienced extreme limitation in Plaintiff's overall ability to relate to others, regulate his emotions, control his behavior, and maintain well-being in a work setting. (*Id.* at PageID 528.) According to Dr. Stevens, Plaintiff would be off task for twenty percent or more of the workday, and would be absent from work more than three times per month. (*Id.*) Dr. Stevens submitted an updated form in February 2019, in which she changed her response to the final question and indicated that Plaintiff's limitations would persist even if he stopped using drugs and/or alcohol. (Doc. 9-7, PageID 617.)

> The ALJ assigned "some weight" to Dr. Stevens' opinion, explaining:
>
> This opinion is given some weight, but it is difficulty [sic] to supply significant weight to this statement by a primary care physician about a patient who is noncompliant with a prescribed medication regimen. She updated her statement two months later to change her response to question no. 13, pertaining to whether his condition would be improved if he refrained from use of drugs or alcohol. Exs. 10F, p. 3 and 15F, p. 2. The substance abuse issue is not material. The records show that [Plaintiff] essentially smokes marijuana daily, and while he no longer uses illicit substances, and testified that he does not use alcohol, he does continue to use marijuana. The lack of treatment for the allegedly disabling condition is more troubling and limits the value or weight of Dr. Stevens' opinions.

(Doc. 9-2, PageID 57.)

V.     **LAW AND ANALYSIS**

Plaintiff contends that the ALJ "reversibly erred in evaluating the medical source opinions and [Plaintiff's] symptom severity." (Doc. 11, PageID 621.) Plaintiff

6

specifically challenges the ALJ's evaluation of treating physician Jewel Stevens, M.D. and therapist Megan Pera, L.I.S.W.-S. (*Id.* at PageID 626-29.) Plaintiff also asserts that the ALJ improperly evaluated Plaintiff's symptom severity under Social Security Ruling 16-3p. (*Id.* at PageID 627-28.) Finding error in the ALJ's evaluation of Dr. Stevens' opinion and Plaintiff's symptom severity under SSR 16-3p, the Court does not address the other claimed error and, instead, instructs the ALJ to address all of them on remand.

  A.  **Applicable Law**

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(b), (c). Further, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides . . . medical treatment or evaluation and who has . . . an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v.*

*Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Hargett*, 964 F.3d at 552 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

A claimant's residual functional capacity (RFC) is the most that she can do in a work setting despite physical and mental limitations caused by her "impairment(s), and any related symptoms, such as pain." 20 C.F.R. § 404.1545(a)(1). The ALJ is charged

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed his application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

8

with the final responsibility for assessing a claimant's RFC and must base it on all relevant evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a)(1). Relevant evidence includes "information about the individual's symptoms and any 'medical source statements'—i.e., opinions about what the individual can still do despite his or her impairment(s)—submitted by an individual's treating source or other acceptable medical sources." SSR 96-8p, 1996 SSR LEXIS 5, *5-6 (July 2, 1996). "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id*. at *20.

### B. The ALJ Erred When Analyzing The Opinion Of Treating Physician Dr. Jewel Stevens, M.D. And When Evaluating Symptom Severity

The ALJ reversibly erred when analyzing the medical opinion of treating physician Dr. Stevens' opinion and when evaluating Plaintiff's symptom severity, a task that is governed in part by SSR 16-3.

Dr. Stevens is a "treating source" as defined in 20 C.F.R. § 404.1527. The ALJ was therefore required to give her opinion controlling weight if it is: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "not inconsistent with the other substantial evidence in [the] case record." *Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. § 404.1527(c)(2). However, the ALJ did not evaluate whether Dr. Stevens' opinion is supported by "medically acceptable clinical and laboratory diagnostic techniques." (Doc. 9-2, PageID 57-58.) Nor did she consider whether Dr. Stevens' opinion is consistent with "other substantial evidence" in the record. (*Id.*) She discussed only Plaintiff's marijuana use and lack of treatment. (*Id.*) Accordingly, the ALJ

9

did not comply with the applicable regulations when determining whether Dr. Stevens' opinion warranted controlling weight.

Further, even if the ALJ had correctly decided that Dr. Stevens' opinion was not entitled to controlling weight, the ALJ failed to consider the applicable regulatory factors to determine how much weight is appropriate. *Rogers*, 486 F.3d at 242; *see also* 20 C.F.R. § 404.1527(c)(1)–(6). The ALJ acknowledged that Dr. Stevens is a primary care physician (Doc. 9-2, PageID 57), but did not consider that Dr. Stevens had been treating Plaintiff for twelve years, or that she prescribed Plaintiff's psychotropic medication on several occasions. (*E.g.,* Doc. 9-7, PageID 486-89, 526.) The ALJ therefore did not adequately evaluate the "treatment relationship" factor. 20 C.F.R. § 404.1527(c)(2). The ALJ also did not evaluate Dr. Stevens' supporting explanations or evidence; nor did she compare Dr. Stevens' opinion to the evidence in the record as a whole. Instead, as discussed above, the ALJ addressed only Plaintiff's marijuana use and lack of treatment. (Doc 9-2, PageID 57-58.) Thus, the ALJ did not address the supportability or consistency factors. 20 C.F.R. § 404.1527(c)(3), (4). The ALJ's failure to analyze whether Dr. Stevens' opinion deserved controlling weight, and to appropriately analyze the weight to be accorded Dr. Stevens' opinion, constitute errors of law warranting reversal.

The ALJ also erred by finding that Plaintiff's treatment history and medication noncompliance were not comparable with the intensity of his subjective complaints, and then relying on that finding to discount Dr. Stevens' opinion. (Doc. 9-2, PageID 53, 57-58.) As noted above, the ALJ reasoned that "it is difficult to supply significant weight to this statement by a primary care physician who is noncompliant with a prescribed

10

medication regimen." (*Id.* at PageID 57.) The ALJ concluded that Plaintiff's "lack of treatment for the allegedly disabling condition is more troubling and limits the value or weight of Dr. Stevens' opinions." (*Id.* at PageID 58.)

This approach does not comply with the Social Security Administration's instruction that ALJs must consider *why* an applicant's treatment history is inconsistent with his complaints when evaluating symptom severity:

> [I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. ***We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints.*** We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints. . . . ***We will explain how we considered the individual's reasons in our evaluation of the individual's symptoms.***

SSR 16-3p, 2016 SSR LEXIS 4, *23 (Mar. 16, 2016) (emphasis added). Notably, the inability to afford treatment and adverse medication side effects are two possible reasons an ALJ should consider when evaluating treatment history. 2017 WL 5180304, *10.

The Sixth Circuit has held that SSR 16-3p requires an ALJ to consider possible reasons why a claimant failed to seek medical treatment consistent with the degree of his or her complaints "before drawing an adverse inference from the claimant's lack of medical treatment." *Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 119 (6th Cir. 2016). Thus, the ALJ should have considered Plaintiff's proffered reasons, in accordance

11

with SSR 16-3p, before she relied on Plaintiff's treatment history and medication noncompliance to discount Dr. Stevens' opinion.

The ALJ did not comply with this Social Security Ruling. Specifically, she did not consider the reasons offered by Plaintiff to explain his medication noncompliance: (1) a bad reaction to medications, including a suicide attempt (Doc. 9-2, PageID 48); (2) an inability to afford his medications (*id*. at PageID 54); (3) past overdose and sedation while taking certain medications (*id*.); (4) a medication that "made him feel fuzzy in the head" (*id*.); (5) difficulty finding a psychiatrist (*id*. at PageID 55); (6) a bad reaction to a medication that caused him to "flip[] out and choke[] his wife and [eat] a bottle of pills." (*id.* at PageID 56); and (7) medications that did not help (*id*. at PageID 57). The ALJ also did not consider Plaintiff's testimony, which he gave in response to the ALJ's question about the reason for his medication noncompliance, that it was "[b]ecause of past history with medications. The suicide attempt was actually a reaction to a new psychotropic medication that I guess I was a test subject for." (Doc. 9-2, PageID 90.)

The ALJ's failure to consider this evidence is perplexing because the ALJ did question the Plaintiff about this issue during the hearing. (Doc. 9-2, PageID 90.) The ALJ also included these reasons in her discussion of the medical evidence. (*Id*. at PageID 48, 54-58.) But the ALJ did not address or evaluate any of these reasons when she relied on Plaintiff's treatment history and medication noncompliance to discount Dr. Stevens' opinion. (*Id.* at PageID 57-58.) Thus, the ALJ did not comply with SSR 16-3p. *Dooley*, 656 F. App'x at 119. Further, her finding that Dr. Stevens' opinion is not entitled to controlling weight is unsupported by substantial evidence.

12

Defendant argues that "the ALJ was under no obligation to accept Plaintiff's excuse, because the records undermined [it]." (Doc. 14, PageID 640.) This assertion misses the mark. The issue is not whether the ALJ was obligated to accept Plaintiff's explanations for his medication noncompliance. Instead, the Court holds that ALJ erred by failing to "***explain*** how [she] considered [Plaintiff's] reasons in [her] evaluation" of his symptoms, as required by SSR 16-3p. 2016 SSR LEXIS 4, *23 (emphasis added).

## VI. CONCLUSION

For the reasons stated above, the ALJ failed to evaluate Dr. Stevens' opinion—and Plaintiff's treatment history and medication noncompliance—pursuant to the applicable Social Security rules and regulations. Accordingly, reversal is warranted.

## VII. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding

13

this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 11) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

                                       */s/ Caroline H. Gentry*
                                       Caroline H. Gentry
                                       United States Magistrate Judge